IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THEODOR SCOTT MCQUEEN                                                                    PLAINTIFF

vs.                                    Civil No. 5:09-cv-05217

MICHAEL J. ASTRUE                                                                         DEFENDANT
Commissioner, Social Security Administration


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Theodor Scott McQueen ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff filed his applications for DIB and SSI on April 3, 2007. (Tr. 99-104).[1] Plaintiff alleged he was disabled due to lumbar and cervical disc disease. (Tr. 56, 130). Plaintiff alleged an onset date of October 11, 2006 which was later amended to June 19, 2005. (Tr. 54, 99, 102). The

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

1

applications were initially denied on June 20, 2007 and were denied again on reconsideration on September 5, 2007. (Tr. 63, 71). On October 30, 2007, Plaintiff requested an administration hearing on his applications. (Tr. 75).

This hearing was held on January 8, 2009 in Fayetteville, Arkansas. (Tr. 20-46). Plaintiff was present and was represented by counsel, Jason Hatfield, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained a high school diploma. (Tr. 23).

On April 9, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 54-62). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 56, Finding 1). The ALJ determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") since his amended alleged onset date of June 19, 2005. (Tr. 56, Finding 2). The ALJ determined Plaintiff had the following severe impairments: lumbar disc disease and cervical disc disease. (Tr. 56, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 57, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 57-60, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform sedentary work with the exception Plaintiff could only

occasionally climb, balance, crawl, crouch, stoop, and bend. *See id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 60-61, Findings 6, 10). Plaintiff and the VE testified regarding these issues. (Tr. 9-10, 14-19, 166-169). The ALJ found Plaintiff's PRW included work as a restaurant manager. (Tr. 60). Based upon Plaintiff's RFC, the ALJ found Plaintiff did not retain the ability to perform his PRW. *See id.*

The ALJ also determined, however, Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 60-61, Finding 10). Specifically, the VE testified Plaintiff would be able to perform work as a production worker with approximately 1,500 such jobs in Arkansas and 106,000 such jobs in the nation, call out operator with approximately 200 such jobs in Arkansas and 48,000 such jobs in the nation, and charge account clerk with approximately 200 such jobs in Arkansas and 23,000 such jobs in the nation. (Tr. 61). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from October 11, 2006, through the date of the decision. (Tr. 61, Finding 11).

Thereafter, on April 20, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On September 16, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On October 8, 2009, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred by (1) failing to assess the credibility of Plaintiff's subjective complaints, (2) improperly determining Plaintiff's RFC, and (3) failing to consider Plaintiff's impairments in combination. ECF No. 9, Pages 2-20. In response, Defendant argues substantial evidence supports the ALJ's credibility determination, the ALJ's RFC determinations, and the ALJ considered the Plaintiff's impairments in combination. ECF No. 10, Pages 5-17. Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

5

20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused entirely upon Plaintiff's medical records.[3] (Tr. 57-60). Instead of stating and evaluating those factors and noting any inconsistencies, the ALJ stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 39). Because the ALJ failed to present a proper *Polaski* analysis and failed to fully consider Plaintiff's subjective complaints, this case must be reversed and remanded. *See Easter v. Bowen,* 867 F.2d 1128, 1131 (8th Cir. 1989) (reversing and remanding because the ALJ did not fully evaluate the claimant's subjective complaints and focused "unduly on the objective physical data").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be reversed and remanded.[4]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[3] The ALJ also did not even reference the *Polaski* factors which, although not required, is the preferred practice. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

[4] This Court recommends that this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors. This Order should not be interpreted as requiring that Plaintiff be awarded disability benefits.

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 17th day of November, 2010.**

                                                    /s/   Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  U.S. MAGISTRATE JUDGE